IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| DORIS B. HALL GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 623-027 |
| | ) | |
| BLACK MAN CASHIER AT FRONT | ) | |
| COUNTER; WHITE WOMAN STORE | ) | |
| MANAGER; WALGREENS STORE, | ) | |
| CLAXTON GA, number 17046; JUSTIN | ) | |
| THOMAS, Pharmacy Manager; and 2 | ) | |
| BLACK STORE WOMAN MANAGERS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned

case. Because she is proceeding IFP, Plaintiff's amended complaint must be screened to

protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I.    SCREENING THE AMENDED COMPLAINT**

   **A.    BACKGROUND**

Plaintiff names as Defendants:  (1) Walgreens Store Number 17046 Claxton, GA, and

(2) Pharmacy Manager Justin Thomas.  (Doc. no. 5, pp. 1-2.)  In the defendant sections

numbered 2-4, Plaintiff does not name additional defendants, however, she writes "don't know

names, I could not get information." (Id. at 2.)   In Plaintiff's original complaint, she named:

(1) Black Man Cashier at Front Counter, (2) White Woman Store Manager, and (3) Two Black

Store Women Managers in the same identified defendant sections.  (Doc. no. 1, pp. 1-3.)
Plaintiff states all parties are residents of Georgia.  (Doc. no. 5, pp. 3-4.)  Taking all of
Plaintiff's factual allegations as true, as the Court must for purposes of the present screening,
the facts are as follows.

Plaintiff went into Walgreens (Store Number 17046) to get food and drinks.  (Id. at 15.)
She tried to pay for the items with her U-Card in separate transactions, but the cashier said she
could not purchase it with the card.  (Id.)  Nothing was wrong with her card.  (Id. at 9.)  The
cashier told her to wait across from the checkout, so he could wait on the others in line.  (Id.
at 15.)  After he was finished, the cashier called Plaintiff back to the counter to hand her juice
over the top of a candy display.  (Id.)  As she took the juice, Plaintiff hurt her leg, grabbed the
shopping cart, and had to limp to a chair that an employee brought to her.  (Id. at 4, 7, 15.)
Plaintiff sat in the chair crying because she was hurt and had the black man cashier call 911.
(Id. at 15.)  Plaintiff was disabled before the incident and is still under medical care for her
injury at this time.  (Id. at 7.)

Defendants did not provide Plaintiff, a customer of Walgreens, with the necessary duty
of care.  (Id. at 4.)  The black man cashier was negligent and reckless when handing her the
juice, so Plaintiff was injured.  (Id.)  Other unidentified staff of Walgreens denied Plaintiff the
ability to fill out an injury report and she was not allowed to obtain security videos of the
incident.  (Id. at 4, 7.)  Plaintiff requests $15,000 in damages for her medical bills.  (Id. at 4.)

B.    DISCUSSION

1.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous,
malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w]' that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314,

1320 (11th Cir. 2006).

### 2.   Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case."  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Here, Plaintiff fails to allege a basis for federal subject matter jurisdiction.  The amended complaint is devoid of any federal claim or cause of action and appears instead to be an attempt to bring a Georgia tort claim for negligence over which there is no federal jurisdiction.  Plaintiff cites 28 U.S.C. § 1331 as the basis for federal question jurisdiction, (doc.

no. 5, p. 3), but it is not apparent that there are any federal statutes applicable here to invoke federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff checked the box indicating diversity of citizenship as the basis for federal court jurisdiction, (doc. no. 5, p. 3), however, Plaintiff has not plead the facts necessary for diversity jurisdiction, which, as explained above, requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000.  While a federal court could have diversity jurisdiction over a state law negligence claim, Plaintiff fails to allege any facts sufficient to establish such jurisdiction as she has not alleged Defendants are citizens of another state.  28 U.S.C. § 1332(a).  Plaintiff alleges all parties are residents of Georgia.  (Doc. no. 5, pp. 2-5.) Plaintiff also has not plausibly alleged the amount in controversy exceeds $75,000, as she only requests $15,000 in damages for her medical bills due to her injury.  (Id. at 4.)

In sum, Plaintiff has failed to plead any facts demonstrating she is entitled to invoke the jurisdiction of federal court, therefore, her amended complaint is subject to dismissal.

II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of May, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5